# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2024

Lyle W. Cayce
Clerk

No. 23-20220

———

Janette Hendrex; Recessability, Incorporated,

*Plaintiffs—Appellants*,

*versus*

Philadelphia Indemnity Insurance Company,

*Defendant—Appellee*.

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3734

———

Before Stewart, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs Janette Hendrex and Recessability, Inc. (collectively, "Hendrex") sued their professional liability insurer, Defendant Philadelphia Indemnity Insurance Co. ("Philadelphia"), for allegedly breaching its duty to defend a lawsuit against Hendrex by Scoggins Therapies, Inc. ("Scoggins"). That lawsuit alleged Hendrex had wrongfully solicited Scoggins's clients in breach of a subcontract. Agreeing with Philadelphia that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20220

this alleged breach did not trigger Philadelphia's duty to defend under the insurance policy because it did not arise from Hendrex's provision of "professional services," the district court granted Philadelphia's motion for summary judgment and dismissed Hendrex's claims. *See Atl. Lloyd's Ins. Co. of Tex. v. Susman Godfrey, L.L.P.*, 982 S.W.2d 472, 476–77 (Tex. App. 1998) ("To qualify as a professional service, the task must arise out of acts particular to the individual's specialized vocation."); *see also Hartford Cas. Ins. Co. v. DP Eng'g, L.L.C.*, 827 F.3d 423, 427 (5th Cir. 2016) (adopting *Susman Godfrey*'s definition of "professional services" when undefined in a liability insurance contract in Texas). Hendrex timely appealed.

Having considered the district court's thorough opinion, the briefs, and the record, and having heard oral argument, we find no reversible error.

AFFIRMED. *See* 5TH CIR. R. 47.6.